UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD VERN DOWTY, *et al.*, | ) | 1:12-cv-01019 AWI-BAM |
| | ) | |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | ) | |
| MIKE BUDDE, TIM DOMINAK, PACIFIC BELL TELEPHONE COMPANY AT&T, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs Richard Dowty and Rebecca Ann Dowty ("Plaintiffs"), appearing *pro se* and proceeding in forma pauperis, filed this civil rights taxation action on June 6, 2012. (Doc. 1). On July 24, 2012, Plaintiffs filed their First Amended Complaint ("FAC"). (Doc. 5). Plaintiffs name Pacific Bell Telephone Company/AT&T and its employees Mike Budde and Tim Dominak as defendants. For the reasons set forth below, the Court recommends that Plaintiffs' complaint should be DISMISSED without leave to amend.

**A.    Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez*, 203 F.3d at 1128.

**B.     Plaintiff's Allegations**

Plaintiffs filed this civil rights claim for damages pursuant to 42 U.S.C. section 1983. (Doc. 3, ¶ 1).  Plaintiff Vern Dowty alleges that his employer's actions violated Plaintiffs' rights under the Fourth, Fifth, Seventh, and Tenth Amendments through Defendants "use of an administrative procedure which deprived Plaintiffs of property sweat equity compensation without due process of law and trial by jury, resulting in personal damages and public humiliation" through "tax deductions and wage garnishment." (Doc. 3, ¶ 5).  More simply, Plaintiffs' complaint challenges Defendant employers compliance with the Internal Revenue Code by withholding federal income tax. Plaintiffs seek injunctive relief against continued withholding, punitive damages for unlawful collection in the sum of "$5,000,000.00 in gold or silver coin value," and compensatory damages of $14,008.40 in federal income taxes, claimed to have been wrongfully collected from Plaintiffs through the Internal Revenue Service ("IRS") for the tax year 2011.

Plaintiffs did not attach any exhibits to their FAC, but the original complaint includes a winding 152-page stream of supporting documents and exhibits that vaguely clarify the nature of Plaintiffs' claim. One such exhibit is a letter to Plaintiff Vern Dowty from the IRS, dated January 4, 2012. (Doc. 1 at 64).   According to the letter, the IRS determined that Plaintiff was not entitled to claim a complete exemption from withholding or more than a specified number of withholding allowances.  The letter advised Plaintiff that the IRS had notified Plaintiff's employer to disregard Plaintiff's claimed marital status and/or withholding allowance or the claim to complete exemption from withholding on Plaintiff's W-4 Form. The letter further advised that the IRS had directed Plaintiff's employer to withhold income tax from Plaintiff's wages based on a marital status of "single" and no withholding allowances. Finally, the letter informed Plaintiff that the IRS had instructed Plaintiff's employer not to honor Plaintiff's current or new W-4 Form unless the status and/or allowances claimed resulted in more income tax withholding than indicated in the letter. The letter also outlined the procedure to answer any questions about or register a disagreement with the IRS determination, including what information to submit, how and where, complete with address, fax number and telephone number.  Plaintiff does not allege whether he availed himself of the outlined procedure.

### C.    Lack of Subject Matter Jurisdiction

A review of Plaintiffs' complaint reveals that the complaint is deficient. In summary, Plaintiffs fail to state a cognizable claim because their claims against Defendants for complying with the IRS's directions to withhold Plaintiff's wages, do not fall under 42 U.S.C. section 1983 and are statutorily barred.  Therefore, Plaintiffs' complaint should be dismissed.

The Internal Revenue Code expressly provides that an employer is liable to the IRS for payment of tax withheld, but is not "liable to any person for the amount of any such payment." 26 U.S.C. § 3403. An employer "is immune from liability to the employee for the withholding, since the duty to withhold is mandatory." *Maxfield v. United States Postal Service*, 752 F.2d 433, 434 (9th Cir. 1984). The Ninth Circuit also expressly provides "that an employer is not liable to an employee for complying with its legal duty to withhold tax." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 770 n.5 (9th Cir. 1986) ("if the IRS issues a directive instructing an employer to disregard an

employee's withholding exemption W-4 Form as defective, the employer must withhold amounts from the employee's wages in accordance with the IRS notice."); *see also Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984) ("Employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability."); *Giles v. Volvo Trucks North America*, 551 F. Supp. 2d 359, 363 (M.D. Pa. 2008) ("an employee may not bring a claim against his employer for withholding taxes from the employee's pay"); *Purk v. United States of America*, 747 F. Supp. 1243, (S.D. Ohio 1989) ("an employer cannot be made liable for failing to honor an employee's W-4 form when it has been directed to do so . . . by the Internal Revenue Service").

In *Bright*, the IRS issued a directive to Plaintiff's employer declaring the plaintiff's W-4 Form invalid and ordering the employer to begin withholding federal income tax. *Bright*, 780 F.2d at 768. Plaintiff then brought a breach of contract claim in state court asserting that the employer breached the employment contract by paying Plaintiff less than the contract required with a paycheck that withheld state and federal income taxes. *Id.* The employer removed the action to federal court and moved for dismissal. *Id.* The *Bright* court found that the plaintiff's complaint was a product of artful pleading, since it really challenged the federal income tax withholding laws and regulations. *Id.* at 769. Relying on Ninth Circuit law, the Court upheld the dismissal of Plaintiff's complaint. *Id.* at 770.

The Court is guided by the Ninth Circuit's decision in *Bright*. Here, the IRS sent a letter to Plaintiff's employer explicitly instructing it to disregard Plaintiff's W-4 Form and to withhold tax as if Plaintiff claimed a single filing status with zero allowances. Plaintiffs now bring this suit claiming that Defendants' administrative procedures of "wage garnishment and tax deductions" resulted in Plaintiffs' damages. Following the Ninth Circuit's approach in *Bright*, the Court holds "under 26 U.S.C. § 3402, an employer has a mandatory duty to withhold federal income tax from an employee's wages where required by applicable regulations." *Id.* Defendants' withholding of federal income tax from Plaintiff's wages, is in full compliance with federal Internal Revenue regulations. *See* 26 C.F.R. § 31.3402(f)(2)-1 (an employer is required to secure from their employees a withholding exemption certificate relating to martial status and the number of withholding

exemptions claimed); 26 C.F.R. § 31.3402(f)(2)-1(g)(1)(i) & (ii) (requires that if employees submit certificates, wherein the total number of exemptions exceed ten or claiming status exempting them from withholding, the certificate shall be submitted with a copy of any written statements made by the employee to the IRS); 26 C.F.R. § 31.3402(f)(2)-1(g)(1) & (2) (an employer is required to forward an employee's W-4 Form to the IRS, if the employee claims an exemption from withholding of tax while earning more than $200 per week); 26 C.F.R. § 31.3402(f)(2)-1(g)(5)(iii)-(v) (if the IRS issues a directive instructing an employer to disregard an employee's withholding exemption W-4 Form as defective, the employer must withhold amounts from the employee's wages in accordance with the IRS notice). Thus, the Court concludes Plaintiffs' complaint against Defendants is statutorily barred. *Bright*, 780 F.2d at 770 ("suits by employees against employers for tax withheld are statutorily barred.").

Moreover, to state a claim pursuant to 42 U.S.C. section 1983 Plaintiffs must plead that Defendants acted under color of state law at the time the act complained of was committed and that the Defendants deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Here, there is no allegation in the complaint that any Defendant was acting under color of state law. Further, the actions of an employer or the employer's agent in withholding taxes do not deprive the affected employee of any constitutional or federal right. *See Stonecipher v. Bray*, 653 F.2d 398, 403 (9th Cir. 1981), *cert. denied*, 454 U.S. 1145,(1982); 26 U.S.C. § 3403; *see also Robinson v. A & M Electric Inc.*, 713 F.2d 608, 609 (10th Cir. 1983) ("federal income tax withholding does not result in the taking of property without due process of law"); *Toliver v. United States of America*, 2008 U.S. Dist. LEXIS 64396, 2008 WL 2899815, at *2 (C.D. Cal. July 24, 2008) ("it is well-established that withholding income tax from wages does not violate the constitution"). Therefore, Plaintiffs' complaint should be dismissed for failure to state a cognizable claim.

**D.    No Leave to Amend Complaint**

Plaintiffs will not be afforded leave to amend. Plaintiffs' complaint fails to state any claims upon which relief can be granted under § 1983 against any named Defendant. Plaintiffs' claims are also barred by statute. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

## RECOMMENDATION

Based on the above, Plaintiffs' complaint should be **DISMISSED WITHOUT LEAVE TO AMEND**.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 4, 2012**              /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE